CASE 90.—ACTIONS BY HENRY RUSSELL'S ADMR. AGAINST
          THE FRANKFORT & SUBURBAN RAILWAY CO.
          AND BY THOMAS P. BRAWNER'S ADMR. AGAINST
          THE FRANKFORT & VERSAILLES TRACTION CO.
          TO ENFORCE JUDGMENTS.—February 9.

# Russell's Admr. v. Frankfort Sub. Ry. Co. Brawners's Admr. v. Frankfort & Versailles Traction Co·

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for defendant in each case, plaintiffs appeal—Affirmed.

1. Street Railroads—Mortgages—Judgment Liens.—Constitution, section 203, declaring that no corporation shall lease or alien-ate its franchise so as to relieve the franchise or property held thereunder from the liabilities of the lessor or grantor, did not affect the corporation's right to mortgage its property, and hence, where all of a street railroad company's property

Russell's Admr. v. Frankfort Sub. Ry. Co.

and franchises were mortgaged in good faith for much more than the value tnereof at the time plaintiffs recovered a judgment against the company arising out of the operation of its road, such judgment was not enforceable against a grantee of the property and franchises, sold for the purpose of paying the mortgage indebtedness so far as possible.

2. Corporations—Borrowing Money—Notes by Individual Stockholders.—Where the property of a corporation was pledged for the payment of money borrowed for its benefit and used by it, such property was primarily liable for the payment of the debt, notwithstanding the stockholders gave their individual notes therefor.

3. Same—Debts—Assets.—Constitution, section 203, providing that no corporation shall alienate its assets so as to relieve the same from the liabilities of the grantor contracted in the operation and use of the franchise and privileges, did not make corporate debts a lien on its assets, nor was it intended to prevent an insolvent corporation from selling its property in good faith to pay its debts.

4. Same—Liability of Stockholders.—Where a stockholder of a corporation received nothing from a sale of its assets, but, on the contrary, lost all he had put into it, he was not liable to judgment creditors of the corporation.

T. N. LINDSAY for appellant.

B. G. WILLIAMS of counsel.

POINTS SUGGESTED AND AUTHORITIES.

1. Appellant is a creditor. (Lillard v. McGee, 4 Bibb 165; Slater v. Sherman 5 Bush 206; Abglin v. Conley 24 Ky. Law Rep. 1551.)

2. Appellant is by virtue of section 203 of the Constitution and section 560 of the Kentucky Statutes a preferred creditor of the Frankfort & Suburban Railway Co. (Kentucky Constitution sec. 203; Kentucky Statutes, sec. 560; Guardian Trust Co. v. Fisher, 200 U. S. 57, 50 L. Ed. 367.)

3. By the alleged sale of all tne property of the Frankfort & Suburban Railway Co. to the Frankfort & Versailles Traction Co. the latter company absorbed the former and the two companies were merged in the latter so that in law it became liable for all the debts of the former. (Camden Interstate Ry. Co. v. Lee, 84 S. W. 332, 27 Ky. Law Rep. 75; L. & N. R. R. Co. v. Biddle, 112 Ky. 494; Louisville New Albany & Chicago R. R. Co.

v. Mathias Boney, 3 L. R. A. 435, and notes; Thompson on Corporations, sec. 372; 6 Am. & Eng. Ency. of Law, 818; 10 Cyc. 306, 314.)

4. The alleged sale and conveyance by the Frankfort & Suburban Railway Co. of its property was a fraud upon appellant and the other creditors of said company and void. (Cole v. Mercantile Trust Co., 30 N. E. Rep. 847; L. & N. R. R. Co. v. Biddle, 112 Ky. 494; Bartlett v. Drew, 57 N. Y. 587; Brum v. Insurance Co., 16 Fed. Rep. 143; Mor. Corp. sec. 791.)

5. Suggestions in regard to the doctrine of subrogation attempted to be invoked by counsel for appellee in the court below

6. The appellee, Frankfort & Versailles Traction Co. cannot be heard to say that the property received by it from the Frankfort & Suburban Railway Co. together with the $300 Lougee franchise was worth less than $350,000. (Kentucky Constitution, sec. 193; Kentucky Statutes, sec. 568; Altenberg v. Grant, 29 C. C. A. 185, 85 Fed. 345.)

JOHN W. RAY for appellant.

JAS. A. SCOTT and W. C. MARSHALL of counsel.

POINTS AND AUTHORITIES.

1. There was a merger of the two corporations so as to make the property of the old company in the hands of the new, liable for the appellants debt. (Camden Int. Ry. Co. v. Lee, 27 Ky. Law Rep. 75; C. & O. Ry. v. Griest, 85 Ky. 619; L. & N. Ry. v. Biddell, 112 Ky. 497; Tompkins v. Ry. Co., 102 Ga. 436; A. & B. Ry. v. Johnson, 127 Ga. 392.)

2. Effect of section 560, Kentucky Statutes, as applied to the rights and remedies of appellant, creditor.

3. Effect of section 203, Constitution, on appellants rights. (Guardian Trust Co. v. Fisher, 200 U. S. 57.)

4. New company not a bona fide purchaser for value. (Williams v. Commercial Bank (Oregon) 90 Pac. Rep. 1012.)

5. Appellant, a creditor, has a prior right to Appellee Buckley, who was a stockholder of the old Suburban Ry. Co. (Curran v. State of Ark., 15 Howard 304; Railroad Co. v. Howard, 7 Wall. 392.)

6. The so-called bonded debt, or mortgage debt, is void under section 193 of the Constitution, as well as under the statute.

WM. CROMWELL and HAZELRIGG, CHENAULT & HAZELRIGG for appellee.

AUTHORITIES.

1. Subrogation of bondholders. (Thompson on Corporations, section 6547; McMurtry v. Montgomery Masonic Temple Co., 9 Ky. Law Rep. 542, 543; Osborne's Admrx. v. Monks, etc., 14 Ky. Law Rep. 606; Sheldon on Subrogation, section 19; Altenberg v. Grant, 85 Fed. Rep. 346.)

2. Guaranty of bondholders' rights. (Constitution, Bill of Right, subsection 5; Constitution, section 203; Thompson on Corporations, section 372.)

3. Under ample authority there was no substantial irregularity in the organization of the companies or in the disposition of their bonds at their fair value.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

These two cases, which involve the same facts, will be heard together. Kate Russell, as administrator of Henry Russell, recovered a judgment in the Franklin circuit court on November 18, 1904, in the sum of $7,800 against the Frankfort Suburban Railway Company for injuries received by him. Thomas P. Brawner at the April term, 1904, recovered a like judgment for the sum of $3,000 and afterwards died. Execution was issued on both judgments and returned no property found. Subsequently these suits were brought against the Frankfort & Suburban Railway Company, the Frankfort & Versailles Traction Company, and John T. Buckley to enforce satisfaction of the judgments. The court dismissed the petition as to John T. Buckley, and the Frankfort & Versailles Traction Company and the plaintiffs appeal.

The facts out of which the litigation grows are these: The Capital Railway Company, which operates a street railway in Frankfort, failed in 1897. Its property was sold under a judgment of the United

States Circuit Court and was bid in by P. P. Mast, Charles R. Crain, and some other people of Springfield, Ohio. They associated with them John T. Buckley and Pat McDonald of Frankfort, and organized the Frankfort Suburban Railway Company, placing a mortgage upon the property of the company for $30,000. As the company needed money, it was borrowed from a bank at Springfield, of which Mast was the president; the stockholders signing the notes personally for the money and hypothecating the bonds as collateral. They extended the tracks, bought a park, added to the power house and equipment, and operated the road until November, 1902, when they stopped operating it. They had lost money steadily from the beginning and had incurred a debt to the bank of about $37,000. The property which they had was not worth over $15,000. The suits in which the plaintiffs recovered judgment were filed about this time. The injuries for which they sued were received before the road ceased to be operated. After that company ceased to operate the line, nothing was done until the next summer, when W. S. Lougee took an option on the property for $25,000; but, being dissatisfied with the franchise which the company had, an additional franchise was obtained from the city council, and Lougee purchased the additional franchise when sold. He had behind him some capitalists from Pennsylvania, but they failed to put up. Lougee then assigned his option and purchase of the franchise to A. Norvale. Norvale was backed by some people in Cincinnati. He organized the Frankfort & Versailles Traction Company, placed a mortgage upon its property, and executed his notes with the mortgage bonds as collateral to the Springfield bank. The bank then gave up the bonds of the Frankfort &

Suburban Company which it held, and that mortgage was released. The Frankfort & Versailles Traction Company has since operated the lines. There have been some changes in the ownership of this company, but the identity of the company has not been affected. The chief question in the case is: Can the Frankfort & Versailles Traction Company be made responsible for the judgment debts of the plaintiffs because it acquired the property and franchises of the Frankfort & Suburban Railway Company against which the plaintiffs have judgment?

Section 203 of the Constitution is as follows: "No corporation shall lease or alienate any franchise so as to relieve the franchise or property held thereunder from the liabilities of the lessor or grantor, lessee or grantee, contracted or incurred in the operation, use or enjoyment of such franchise, or any of its privileges." The Frankfort & Suburban Railway Company has by the proceedings referred to alienated its franchises and the property held thereunder, but it does not follow that the plaintiffs may assert a liability against the purchaser or upon the property in its hands. There is nothing in the constitutional provision to affect the right of a corporation to mortgage its property. A mortgagee to the extent of his debt is a purchaser for value. It was not the purpose of the constitutional provision to destroy the security of a mortgage, and, when property which is covered by a mortgage for its full value is sold to pay the mortgage debt, it cannot be said that the corporation has alienated its property so as to relieve it from its liabilities, for, before the sale, it could not have been subjected to these liabilities, as the mortgage debt was prior and was more than the value of the property. The evidence leaves no doubt

that all the proceedings which we have referred to were made in perfect good faith. The bank in Springfield had furnished the money. It had a lien on the property by reason of the mortgage bonds to secure it. It was not material that the stockholders gave their individual notes for the money. They borrowed the money for the corporation. The corporation used it. The corporation's property was pledged for its payment. When the corporation became insolvent, and the property was of value not sufficient to pay the mortgage debt, a great loss was about to fall on some one, and to lessen this loss a private sale was gotten up, and none of the stockholders got anything by reason of the sale except a release pro tanto from the debt to the bank. By selling the property as they did, they finally got the bank's debt in part paid. We are satisfied from the proof that the full value of the old property which came to the hands of the Frankfort & Versailles Traction Company was not over $15,000, and that by no possible proceeding instituted at that time could the plaintiff have made anything out of that property, for it was mortgaged far beyond its value.

Practically the same question here presented was before the court in Ronsh v. Vanceburg, etc., Turnpike Company, 120 Ky. 165, 27 Ky. Law Rep. 542, 85 S. W. 735. In that case the turnpike company had sold out to Lewis county under the free turnpike act, and a creditor whose debt had been left unpaid brought a suit to subject the property of the turnpike company in the hands of the county. The petition was dismissed as to Lewis county. The court there held that a corporation may in good faith close up its affairs in contemplation of dissolution, and to that end sell all its property for value to innocent

purchasers under a statute so providing as in that case. We see no reason why the same rule does not apply when a corporation has been unable to carry on business and has in fact ceased doing business for many months, and its property is of value less than the mortgage debt. In this case the street railway had not been in operation for eight or ten months when it was purchased by the Frankfort & Versailles Traction Company. The old company had gone entirely out of business, and it was only kept alive for the purpose of winding up its affairs. It did wind up its affairs by selling its property so as to pay pro tanto the mortgage debt. It was not the purpose of section 203 of the Constitution to make the debts of a corporation a lien upon its assets. It was not intended to prevent an insolvent corporation from selling its property in good faith for the purpose of paying its debts, and we are satisfied from all the evidence that this is simply what was done here, and that the property was worth much less than the mortgage debt. The property of the Frankfort & Suburban Railway Company could not have been reached by the plaintiffs if no alienation had been made. The sale of it was not therefore an alienation relieving it from the liabilities of the grantor so far as plaintiffs were concerned, and they were in no wise prejudiced thereby. It was not the purpose of the constitutional provision to put the creditor in a better position after the alienation than he was in before the sale was made. It was only designed to prevent the alienation from prejudicing him.

As to John T. Buckley, who is sued as a stockholder in the Frankfort & Suburban Railway Company, the proof shows that he received nothing from the Frankfort & Suburban Railway Company; but

Russell's Admr. v. Frankfort Sub. Ry. Co.

that, on the contrary, he lost all that he put in it. He is not therefore liable in any way to the plaintiffs as judgment creditors of the company.

Judgment affirmed.